```
                                                              FILED
                                                           DEC 3 1 2003
         IN THE UNITED STATES DISTRICT COURT          CLERK, U.S. DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TEXAS           WESTERN DISTRICT OF TEXAS
                       AUSTIN DIVISION                BY_____
                                                              DEPUTY CLERK
```

| | | |
|---|---|---|
| STEPHANIE GOETZ and | § | CIVIL ACTION NO. A-02-CA-081-JN |
| KEVIN MCGILL, | § | |
| Individually and on Behalf of | § | |
| All Others Similarly Situated, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| SYNTHESYS TECHNOLOGIES, INC; | § | |
| ET. AL. | § | |
|     Defendants. | § | COLLECTIVE ACTION |

## MOTION TO DISMISS TEXAS PAYDAY LAW CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE HUDSPETH:

Defendants Walter Loewenbaum and STI Healthcare, Inc. ask the Court to dismiss Plaintiffs' claims against them brought pursuant to the Texas Payday Act, Texas Labor Code § 61.001 *et seq.*, for lack of subject matter jurisdiction,[1] and would show the Court as follows:

### I.

### INTRODUCTION

Plaintiffs seek to recover from Walter Loewenbaum and STI Healthcare, Inc. under the Texas Payday Act even though Plaintiffs never named Loewenbaum or STI in any filing with the Texas Workforce Commission (the "Commission") or otherwise implicated Loewenbaum or STI in any manner in any proceeding before the Commission. Having failed to secure a finding from the Commission that Loewenbaum or STI are in any way liable under the Texas Payday Act,

---

[1] Motions to dismiss for lack of subject matter jurisdiction are never untimely under a Court's scheduling order. *See, e.g., Johnston v. U.S.*, 85 F.3d 217, 218 n. 2 (5th Cir. 1996) (noting that plaintiff's claim that a motion to dismiss for lack of subject matter jurisdiction was "meritless," the court stated that it is "well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court").

Plaintiffs turn to this Court to make that determination—but it is a determination that this Court does not have subject matter jurisdiction to make.

Texas law is clear and well settled:

> ... statutory proceedings are strictly governed by the statute of their creation. Those availing themselves of the statutory remedy are not free to select a forum not authorized by the statute creating the remedy.

*Texas Employment Comm. v. International Union of Electrical, Radio and Machine Workers*, 352 S.W.2d 252, 254 (Tex. 1962).

II.

## THE TEXAS PAYDAY ACT

The Texas Payday Act is a comprehensive remedial scheme that vests exclusive jurisdiction over wage payment disputes in the Texas Workforce Commission. The statute that creates the Payday Act makes this point clearly. It provides that "the commission shall: (1) administer this chapter; and (2) adopt rules as necessary to implement this chapter." Tex. Labor Code § 61.002(a). The Payday Act defines what wages are, when wages must be paid, and how they must be paid. More importantly, though, the Payday Act provides unpaid employees with a specific remedy and a specific vehicle for securing that remedy.

The Payday Act provides that:

(a)  An employee who is not paid wages as prescribed by this chapter may file a wage claim <u>with the commission</u> in accordance with this subchapter.

(b)  A wage claim must be in writing on a form prescribed by the commission and must be verified by the employee.

The Texas Payday Rules provide that "a wage claim must be filled out completely, legibly, and sufficiently to identify and allow the Commission to attempt contact with the

employer." 40 TAC § 921.41(c). The statute expressly provides that it is the commission, not the court, which makes the determination of whether wages are owed:

> (a) The commission shall analyze each wage claim filed under Section 61.051 and, if the claim alleges facts actionable under this chapter, shall investigate the claim and issue a preliminary wage determination order:
> (1) dismissing the claim; or
> (2) ordering payment of wages determined to be due and unpaid.
> …
>
> (b) The commission shall mail notice of the preliminary wage determination order to each party at that party's last known address, as reflected by commission records.

Tex. Labor Code § 61.052.

Once the preliminary wage determination order is entered, "either party" can request a hearing "to contest" the order. Tex. Labor Code § 61.054. If neither party requests such a hearing within the prescribed period, then "… the order becomes the final order of the commission for all purposes, and neither party is entitled to judicial review under this subchapter.'" Tex. Labor Code § 61.055. An "employer" that does not timely request a hearing is required to pay the amounts determined in the preliminary order within 21 days. Tex. Labor Code § 61.056.

If an appeal is filed to the commission, the commission has authority to "modify, affirm or rescind" the preliminary order. Tex. Labor Code § 61.059. After the decision,

> (a) The commission shall mail to each party to the appeal notice of:
> (1) the decision;
> (2) the amount of wages subject to the order;
> (3) the amount of any penalty assessed; and
> (4) the parties' right to judicial review of the order.

Tex. Labor Code § 61.061.

Then, § 61.062 deals with "Judicial Review":

> (a) *A party who has exhausted the party's administrative remedies under this chapter may bring a suit to appeal the order.*

(b) The suit must be filed not later than the 30th day after the date the final order is mailed.

*(c) The commission and any other party to the proceeding before the commission must be made defendants in the suit.*

(d) The suit must be brought in the county of the claimant's residence. If the claimant is not a resident of this state, the suit must be brought in the county in this state in which the employer has its principal place of business.

(e) An appeal under this subchapter is by trial de novo with the substantial evidence rule being the standard of review in the manner as applied to an appeal from a final decision under Subtitle A, Title 4.[2]

Texas Labor Code § 61.062.

The statute also authorizes the commission itself to bring suit to enforce its wage orders:

(a) The commission, in the name of the state and the attorney general, may:
(1) bring a suit in a district court in Travis County to enforce a final order from which an appeal under this chapter has not been taken; or
(2) serve on the defaulting party a notice of assessment stating the amount due
...

Tex. Labor Code § 61.066.

The statute also authorizes suits against the commission by those "aggrieved" by the decisions of the commission:

. . . .

(d) A person aggrieved by the determination of the commission as stated in the notice of assessment may seek judicial review of the assessment by filing a petition for judicial review in a Travis County district court not later than the 30th day after the date on which the notice of assessment is served. A copy of the petition shall be served in the manner prescribed by law for service of process on a defendant in a civil action in district court on:
(1) a member of the commission; or
(2) a person designated by the commission for service of process.

Tex. Labor Code § 61.066.

Subchapter E of the Payday Act sets out processes for filing and enforcing administrative liens. § 61.081 provides:

---

[2] Subtitle A, Title 4 of the Texas Labor Code is the Texas Unemployment Compensation Act.

Motion to Dismiss Texas Payday Law Claims for Lack of Subject Matter Jurisdiction – Page 4

(a) A final order of the commission against an employer indebted to the state for penalties or wages, unless timely appealed to a court, is a lien on all the property belonging to the employer.

(b) The lien for an unpaid debt attaches at the time the order of the commission becomes final.

Thus, under the Payday Act statutory scheme, there are three ways—and only three ways—for a Payday Act dispute to get into court:

(1) The *commission*, in the name of the state and the attorney general, can bring suit in "a district court in Travis County" to enforce a final order from which an appeal under this chapter has not been taken. Tex. Labor Code § 61.066(a).

Obviously, this lawsuit is not brought by the Texas Workforce Commission, so this provision is inapplicable.

(2) A person aggrieved by the determination of the commission as stated in the notice of assessment can seek judicial review by filing in a "Travis County district court" not later than the 30th day after the notice of assessment is served; service must be made on either a member of the commission or a person designated by the commission for service of process. Tex. Labor Code § 61.066(d).

Again, this provision is not applicable. This provision provides a mechanism for suits by persons "aggrieved by the determination of the commission" to bring suits against the commission. Obviously, the commission was not served and is not being sued in this lawsuit.

(3) Finally, "a party who has exhausted the party's administrative remedies under this chapter may bring a suit to appeal the order." In that case, "*the commission and any other party to the proceeding before the commission must be made defendants in the suit.*" The appeal is by trial de novo with the substantial evidence rule being the standard of review. Tex. Labor Code § 61.062.

Neither does this provision confer jurisdiction on this Court. First, the Plaintiffs in this lawsuit are not appealing the orders of the Workforce Commission—they make no mention of those orders in this lawsuit—and did not exhaust their administrative remedies at the Commission. Further, the Texas Workforce Commission must be made a party to this lawsuit for this provision to apply, and it was not.

Three of the named plaintiffs, Kevin McGill, Frank Baxter, and Jeff Dunning, never filed with the Texas Workforce Commission at all.[3] Clearly, then, they did not "exhaust their administrative remedies" under the Payday Act. Seven plaintiffs, Stephanie Goetz, Mary Scheltz, John Babyak, Susan Ford, Jonathan Percy, Larisa Zlatic, and Lorraine Hillard did file claims with the Workforce Commission[4] and secured Preliminary Wage Orders[5] as set out in § 61.052. However, they did not request a hearing to contest the preliminary wage determination order, as set out in § 61.054. Since neither they nor Synthesys requested a hearing to contest the preliminary wage determination, it became final, and these Plaintiffs are not "entitled to judicial review of the order." §61.055.

Carol Kutryb, Thomas Bizzell, Roland Veloz, and Raphael Ocampo all filed claims, secured preliminary wage order[6]; and then filed initial appeals. They received wage determinations from the appeals board[7], and did not appeal to the workforce commission, as allowed under § 61.059 and § 61.060. Thus, they are not parties who have "exhausted" their administrative remedies under the Payday Act and thus cannot "bring suit to appeal the order."

As noted, § 61.062 requires that the "commission and any other party to the proceeding before the commission" must be made a party to any suit brought under § 61.062. Obviously,

---

[3] See Attachment A, Affidavit of Gary L. Lewis, ¶ 7.
[4] See Exhibit 2 to Attachment A, Affidavit of Gary L. Lewis
[5] See Exhibit 3 to Attachment A, Affidavit of Gary L. Lewis
[6] See Exhibit 5 to Attachment A, Affidavit of Gary L. Lewis

Motion to Dismiss Texas Payday Law Claims for Lack of Subject Matter Jurisdiction – Page 6

the commission is not a party to this suit. This fact alone deprives the trial court of jurisdiction to consider the appeal. In *Wren v. Texas Employment Commission*, 915 S.W.2d 506 (Tex. App.—Houston [14th Dist.] 1995, no writ), claimants brought suit against the workforce commission but not their employer from an order denying unemployment benefits. The court noted that the statute providing for judicial review required that "any other party to the proceeding before the Commission shall be made a defendant." 915 S.W.2d at 508. The court then held:

> The trial court's jurisdiction does not attach unless the steps proscribed by the statute have been followed. This jurisdictional requirement includes the statutory requirement that "any other party to the proceeding before the Commission shall be made a defendant." Here, appellants' employer were not listed as party defendants, thus jurisdiction in the trial court did not attach.

*Wren*, 915 S.W.2d at 508.

The same result is required here. The statute requires that the Commission be named a party to any appeal of the workforce Commission's findings. The Commission was not made a party, thus this court has no jurisdiction over this appeal, even if the other jurisdictional requirements had been satisfied.

Additionally, Plaintiffs are seeking to impose Texas Payday Act liability on Walter Loewenbaum and STI Healthcare even though neither Loewenbaum nor STI were named as defendants or employers or successor employers in the proceedings before the workforce commission. Because Loewenbaum and STI were never named as parties to the workforce commission proceedings, this Court, for that additional reason, cannot have jurisdiction over this action.

Initial jurisdiction to determine potential liability under the Payday Act can only be made by the commission. *See, e.g, Texas Employment Comm. v. Child, Inc.*, 738 S.W.2d 56 (Tex.

---

[7] See Exhibit 6 to Attachment A, Affidavit of Gary L. Lewis

Motion to Dismiss Texas Payday Law Claims for Lack of Subject Matter Jurisdiction – Page 7

App.—Austin 1987, writ denied) (determination by commission that employer was not exempt "education institution" upheld on substantial evidence review). The rules found at 40 TAC, Chapter 21 further reinforce the principle that original jurisdiction lies in the commission, not the court. 40 TAC § 821.3 provides that the Commission shall exercise jurisdiction over wage claims" "where the work is performed in Texas."

The Rules go on to provide the procedures for making wage claims, and state that "A wage claim must be filed out completely, legibly, and sufficiently to identify and allow the Commission to attempt contact with the employer." 40 TAC § 821.41(c). The parties to a Payday Act proceeding are entitled to notice of the proceedings, including notice of preliminary wage determinations. Tex. Labor Code § 61.052. The parties are entitled to request hearings to challenge preliminary wage determinations. § § 61.054(a). Parties who have exhausted their administrative remedies are entitled to judicial review, in a suit to which the commission is a party. § 61.062.

None of this happened with respect to Walter Loewenbaum or STI. They were never made parties to any of the Plaintiffs' Texas Payday Act proceeding before the Commission. Thus, for this additional reason, these Defendants cannot be sued under the Texas Payday Act in this Court.

WHEREAS, Defendants Walter Loewenbaum and STI Healthcare pray that the Court dismiss Plaintiff's Texas Payday Act claims for lack of subject matter jurisdiction, and for such other and further relief as to which these Defendants may show themselves entitled.

Respectfully submitted,

By /s/ Gary L. Lewis
Gary L. Lewis
State Bar No. 12277490
Patrick L. Reznik
State Bar No. 16806780
1100 Norwood Tower
114 West Seventh Street
Austin, Texas 78701
Tel. (512) 495-1400
Fax (512) 499-0094

OF COUNSEL
GEORGE & DONALDSON, L.L.P.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing MOTION TO DISMISS TEXAS PAYDAY LAW CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION has been sent to counsel of record as indicated:

J. Derek Braziel
David George
EDWARDS & GEORGE, L.L.P.                    *via* First Class Mail
208 N. Market Street, Suite 400
Dallas, Texas 75202

on this the 2d day of January, 2004.

/s/ Gary L. Lewis
Gary L. Lewis

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged but Stored with Document in Case File

### See Original File to View/Copy Document/Attachment(s)

Civil Case No.        A-02-CA-081 H

STEPHANIE GOETZ, et al

VS.

SYNTHESYS TECHNOLOGIES, et al

| | |
|---|---|
| Attachments to Document #: | 127 |
| Description: | Motion to Dismiss Texas Payday Law Claims for Lack of Subject Matter Jurisdiction |
| File Date: | 12/31/03 |
| Prepared by: | Defendants Loewenbaum and STI Healthcare |

**This sheet to be imaged as the last page.**