

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE GOETZ and** | § | **CIVIL ACTION NO. A-02-CA-081-JN** |
| **KEVIN McGILL,** | § | |
| **Individually and on Behalf of** | § | |
| **All Others Similarly Situated,** | § | |
| **Plaintiffs,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **SYNTHESYS TECHNOLOGIES, INC.,** | § | **Judge Nowlin** |
| **ET AL.** | § | |
| **Defendants.** | § | **COLLECTIVE ACTION** |

## UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs brought this suit pursuant to, among other things, the Fair Labor Standards Act ("FLSA"). The FLSA requires either the Court or the United States Department of Labor to approve the settlement of an individual's FLSA claims in order for such a settlement to be valid. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Counsel for Plaintiff hereby certifies that the Settlement Agreement attached to this Motion as Exhibit A is in the best interest of the Plaintiffs as it enables Plaintiffs to recover unpaid wages without the necessity or delay of trial and possible appeals. The settlement was reached after several months of arm's length negotiations and after significant discovery had been conducted. This settlement has been approved by each of the Plaintiffs.

Plaintiffs hereby request that the Court approve the settlement and enter the Agreed Stipulation of Dismissal filed herewith.

Respectfully submitted,

J. DEREK BRAZIEL
Texas Bar No. 00793380
EDWARDS & GEORGE LLP
208 N. Market Street, Suite 400
Dallas, Texas 75202
(214) 749-1400   Telephone
(214) 749-1010   Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The undersigned conferred with opposing counsel about this motion in an effort to avoid judicial intervention.  Counsel was advised that Defendants are not opposed to this Motion.

J. DEREK BRAZIEL

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was delivered by **FAX AND REGULAR MAIL** on the following:

**Counsel for Defendants**
Gary L. Lewis, Esq.
GEORGE & BROTHERS, L.L.P.
1100 Norwood Tower
114 West Seventh Street
Austin, Texas 78701

**ON  THIS 5th DAY OF MARCH, 2004.**

J. DEREK BRAZIEL

# EXHIBIT A

# RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT

## ARTICLE I.

### Preamble

This Release, Covenant Not to Sue, and Settlement Agreement (the "Agreement") is entered into by and between STEPHANIE GOETZ, KEVIN McGILL, THOMAS BIZZELL, ROLAND VELOZ, CAROL KUTRYB, RAPHAEL O'CAMPO, TREVOR BABYAK, LARISA ZLATIC, MARY SCHELTZ, LARRAINE HILLARD, JON PERCY, FRANK BAXTER, SUSAN FORD, and JEFFREY DUNNING on the one hand, individual, together with their heirs, agents, legal representatives, successors, affiliates, and assigns (hereinafter, "RELEASORS") and on the other hand, STI HEALTHCARE, INC. and PERSONAL ADMINISTRATORS, both corporations, together with their predecessors, successors, affiliates, subsidiaries, parent companies, DBA's, insurers, subcontractors, contractors, employees, former employees, directors, shareholders, members and any other related entities and PATTI O'MEARA and WALTER LOEWENBAUM, (hereinafter, "RELEASEES").

## ARTICLE II.

### Purpose

The rights and obligations set forth in this document are for the purpose of conclusively resolving and settling all matters of fact and things in controversy between RELEASEES and RELEASORS, including, but not limited to, any claims for relief that could have been made in the lawsuit styled *Stephanie Goetz and Kevin McGill, Individually and on behalf of all others similarly situated v. Synthesys Technologies, Inc., et al.* in the United States District Court for the Western District of Texas, Austin Division, Case No. A-02-CA-081-JN (hereinafter the "Lawsuit"), or any other court or legal forum whatsoever as of the effective date hereof. It is a further and equal purpose of this Agreement to resolve any and all disputes, controversies, or claims, including those for any personal injuries, that exist or may exist in the future between these parties, which arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law.

## ARTICLE III.

### Facts

RELEASEES and RELEASORS (the "Parties") stipulate to certain facts that relate to disputed claims and controversies between them as follows:

Section 3.1:    RELEASEES deny any and all alleged violations of law, and any and all liability for the claims of RELEASORS alleged in the Lawsuit or otherwise.

Section 3.2: The terms of this Agreement are the product of negotiations between the Parties, and the Parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed.

Section 3.3: By entering into this Agreement, RELEASEES and RELEASORS stipulate and agree that they have resolved and settled any and all claims that were or could have been made to date between them in any legal forum, or otherwise, including, among other things, arising out of RELEASORS' employment, separation, or other relationship with RELEASEES including but not limited to all claims that were or could have been brought in the Lawsuit. RELEASEES and RELEASORS further stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any violation of law or contract or any other legal obligation whatsoever. This Agreement is entered into by RELEASEES and RELEASORS solely to avoid the expenses and uncertainties of litigation, and represents the compromise of disputed and contingent claims.

## ARTICLE IV.

### Consideration

Section 4.1: The total consideration in the amount of $75,000.00 given by RELEASEES to RELEASORS under this Agreement consists of the following:

(a)     Payment by RELEASEES Loewenbaum and/or STI Healthcare, Inc., to the individuals below in the amounts specified:

| | | |
|---|---|---|
| Thomas Bizzell | $ | 5,320.03 |
| Roland Veloz | $ | 2,688.02 |
| Carol Kutryb | $ | 2,202.67 |
| Raphael O'Campo | $ | 3,195.70 |
| Trevor Babyak | $ | 1,371.79 |
| Larisa Zlatic | $ | 1,623.41 |
| Mary Scheltz | $ | 1,279.31 |
| Lorraine Hillard | $ | 1,361.45 |
| Jon Percy | $ | 1,147.60 |
| Stephanie Goetz | $ | 834.53 |
| Kevin McGill | $ | 2,029.48 |
| Frank Baxter | $ | 304.02 |
| Susan Ford | $ | 1,251.31 |
| Jeffrey Dunning | $ | 1,680.03 |
| TOTAL | $ | 26,289.35 |

(b)     Payment from RELEASEES O'Meara and/or Personal Administrators to Defendant Stephanie Goetz of $6,066.77.

(c)    Payment to Edwards & George, LLP. of $42,643.88 as attorneys fees and costs.

Section 4.2:   The consideration under Section 4.1 will be mailed to RELEASORS' counsel of record within ten (10) business days of the date that RELEASEES' counsel of record receives this fully executed Agreement back from RELEASORS.

Section 4.3:   This consideration is intended to satisfy any and all claims of RELEASORS for any and all claims, including, but not limited to, unpaid wages and overtime as recited herein.   Additionally, RELEASORS acknowledge that this consideration is full and complete payment for all back wages and overtime that RELEASORS claim they are owed.

## ARTICLE V.

## Release and Covenants Not to Sue

Section 5.1:   For and in consideration of the required acts and promises set forth in the text of this Agreement, RELEASORS hereby knowingly and voluntarily release and discharge RELEASEES, and their predecessors, successors, affiliates, subsidiaries, assigns, agents, officers, directors, shareholders, employees, former employees, attorneys, and related entities, from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which RELEASORS have or might have as a result of, or in any way connected with RELEASORS' employment or separation of employment or other relationship with RELEASEES, including but not limited to wage or benefit-related claims (including without limitation, claims for adjusted compensation, bonus, severance, vacation, overtime pay, liquidated damages or violations of the Fair Labor Standards Act and/or Texas Labor Code, and/or Texas Payday Act) and including but not limited to any claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Age Discrimination in Employment Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, and all other local, state or federal laws relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, wrongful, retaliatory or constructive discharge, promissory estoppel, fraud, fraudulent misrepresentation of concealment, retaliation, breach of the duty of good faith and fair dealing, unfair practices, intentional infliction of emotional distress, outrageous conduct, negligence, negligent misrepresentation or concealment, retaliation, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which the Parties have or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement.  All such claims, if any, are hereby compromised, settled, and extinguished in their entirety.

Section 5.2:   RELEASORS agree to immediately withdraw the Lawsuit and all claims therein with prejudice to RELEASORS' right to refile same or any part thereof, by executing the Agreed Motion to Dismiss and Agreed Order attached hereto as Appendix "A".

Section 5.3:   RELEASORS and RELEASEES shall bear their respective costs and expenses, including attorneys' fees except as specified in Section 4.1 *supra*.  RELEASORS agree not to reurge, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum  in any jurisdiction whatsoever, nor shall any other court actions or other legal proceedings of any type seeking monetary recovery for RELEASORS be filed that are connected in any fashion to the employment or separation of employment of RELEASORS with RELEASEES, or for any personal injuries sustained, or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the effective date of this Agreement.

## ARTICLE VI.

### Miscellaneous

Section 6.1:  For and in consideration of the required acts and promises set forth in the text of this Agreement, RELEASORS recognize and understand that STI HEALTHCARE, INC. has entered into a license to use and maintain certain software originally created and developed by Synthesys Technologies, Inc. ("SYNTHESYS").  RELEASORS further recognize that STI HEALTHCARE, INC. currently possesses and makes use of certain physical assets, e.g., furniture and office equipment, that was or is owned by SYNTHESYS.  RELEASORS stipulate and agree that they will take no action to collect on any judgment adverse to SYNTHESYS (including but not limited to the Amended Final Judgment in *Goetz, et al v. Synthesys Technologies, Inc. et al*; In the United States District Court for the Western District of Texas, Austin Division, Civil Action No. A-02-CA-081-JN) that would impair in any way STI HEALTHCARE, INC.'s use and enjoyment of the SYNTHESYS' license and/or the SYNTHESYS' physical assets.  Furthermore, RELEASORS stipulate and agree that they will not at any time take any action as creditors (or otherwise) of SYNTHESYS to seek an involuntary petition for bankruptcy, appointment of a receiver or a related or similar action.

Section 6.2:  RELEASORS agree, on behalf of themselves and their attorneys, that all terms and conditions contained herein are to remain strictly confidential and cannot be disclosed to anyone other than their respective attorneys and spouses.  The confidentiality of the terms and conditions contained herein is part of the consideration inducing RELEASEES to enter into this Agreement.  RELEASORS agree that they will not disclose or publish or cause to be disclosed or published the terms of this Agreement, or the terms of settlement, or the discussions and circumstances preceding this Agreement, or the details of the dispute that forms the basis of this Agreement, to any entity or person whatsoever, except as otherwise required by law.  The only statement permitted by RELEASORS concerning the Lawsuit is that "The matter was resolved." This paragraph shall not limit RELEASORS' right to disclose the existence of this Agreement, including its terms and amount, to tax preparers and attorneys, or as otherwise required by law. RELEASORS agree that if they discloses any such information to tax preparers or attorneys, or as otherwise required by law, they will advise that person or entity of the terms of the confidentiality provision of the Agreement.

Section 6.3:   RELEASORS and RELEASEES agree that they will not in any way disparage, defame, libel, slander, place in a negative light, or in any other way harm or attempt to

harm the reputation, goodwill or commercial interest of one another to any persons, including but not limited to current or former customers and employees, or members of the media.

Section 6.4:    Upon entry of the Order of Dismissal, the doctrines of *res judicata* and collateral estoppel shall apply to all claims of RELEASORS with respect to all issues of law that were raised or could have been raised in the Lawsuit.

Section 6.5:    This document contains the entire agreement between the Parties hereto, and supersedes any and all prior agreements or understandings, written or oral, as to the matters covered. No modifications or amendments to any of the terms, conditions, or provisions hereof may be enforced unless evidenced by a subsequent written agreement executed by all Parties hereto.

Section 6.6:    The laws of the State of Texas shall govern the validity, construction, and enforcement of this Agreement.

Section 6.7:    RELEASORS represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

Section 6.8:    RELEASORS acknowledge that they were advised to and did consult with an attorney before signing this Agreement. RELEASORS represent and warrant that they are of lawful age; that have been given sufficient time to consider the Agreement; that they have read the Agreement in its entirety and understand the meaning and application of each of its paragraphs; and that they are signing of their own free will with the intent of being bound by the Agreement.

Section 6.9:    In the event any party hereunder initiates litigation to enforce this Agreement, it is mutually agreed that venue of any such litigation shall be proper only in Travis County, Texas.

Section 6.10: Each party has been given an opportunity to participate in the drafting and preparation of this Agreement. Therefore, in any construction to be made of this Agreement, the same shall not be construed against any party.

Section 6.11:    If any provisions of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be fully severable. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

Section 6.12:    The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this

Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

Section 6.13: This Agreement is executed in multiple originals, any of which may be used as evidence hereof.

Section 6.14: This Agreement is dated as of the date first written and is effective as provided herein.

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

**APPROVED AS TO FORM AND CONTENT:**

J. Derek Braziel, Esq.
EDWARDS & GEORGE, L.L.P.
5847 San Felipe, Suite 3900
Houston, Texas 77057
Telephone: (713) 339-3233
Facsimile: (713) 339-2233
**ATTORNEY FOR RELEASORS**

Gary L. Lewis, Esq.
George & Brothers, L.L.P.
1100 Norwood Tower
114 West Seventh Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
**ATTORNEY FOR RELEASEES**

**RELEASORS:**

**STEPHANIE GOETZ**

_____

**KEVIN McGILL**

_____

**THOMAS BIZZELL**

RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT                    PAGE 6

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

**APPROVED AS TO FORM AND CONTENT:**

_____

J. Derek Braziel, Esq.
Attorney for and behalf of Plaintiffs

_____

Gary L. Lewis, Esq.
Attorney for Defendants

**STI HEALTHCARE, INC.**

By:_____
                                     Date:

_____

Title

**PERSONAL ADMINISTRATORS, INC.**

By:_____
                                     Date:

_____

Title

**WALTER LOEWENBAUM**

_____

**PATTI O'MEARA**

_____

**Individual Plaintiff**

_____

Section 6.13:  This Agreement is executed in multiple originals, any of which may be used as evidence hereof.

Section 6.14:  This Agreement is dated as of the date first written and is effective as provided herein.

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

**APPROVED AS TO FORM AND CONTENT:**

_____

J. Derek Braziel, Esq.
EDWARDS & GEORGE, L.L.P.
5847 San Felipe, Suite 3900
Houston, Texas 77057
Telephone: (713) 339-3233
Facsimile: (713) 339-2233
**ATTORNEY FOR RELEASORS**

_____

Gary L. Lewis, Esq.
George & Brothers, L.L.P.
1100 Norwood Tower
114 West Seventh Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
**ATTORNEY FOR RELEASEES**

**RELEASORS:**

                    **STEPHANIE GOETZ**

                    _____

                    **KEVIN McGILL**

                    **THOMAS BIZZELL**

                    _____

Section 6.13: This Agreement is executed in multiple originals, any of which may be used as evidence hereof.

Section 6.14: This Agreement is dated as of the date first written and is effective as provided herein.

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

**APPROVED AS TO FORM AND CONTENT:**

_____

J. Derek Braziel, Esq.
EDWARDS & GEORGE, L.L.P.
5847 San Felipe, Suite 3900
Houston, Texas 77057
Telephone: (713) 339-3233
Facsimile: (713) 339-2233
**ATTORNEY FOR RELEASORS**

_____

Gary L. Lewis, Esq.
George & Brothers, L.L.P.
1100 Norwood Tower
114 West Seventh Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
**ATTORNEY FOR RELEASEES**

**RELEASORS:**

**STEPHANIE GOETZ**

_____

**KEVIN McGILL**

_____

**THOMAS BIZZELL**

_____

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

**APPROVED AS TO FORM AND CONTENT:**

_____

J. Derek Braziel, Esq.
Attorney for and behalf of Plaintiffs

_____

Gary L. Lewis, Esq.
Attorney for Defendants

**STI HEALTHCARE, INC.**

By:_____
                                    Date:

_____
Title

**PERSONAL ADMINISTRATORS, INC.**

By:_____
                                    Date:

_____
Title

**WALTER LOEWENBAUM**

_____

**PATTI O'MEARA**

_____

**Individual Plaintiff**

_____

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

**APPROVED AS TO FORM AND CONTENT:**

_____

J. Derek Braziel, Esq.
Attorney for and behalf of Plaintiffs

_____

Gary L. Lewis, Esq.
Attorney for Defendants

**STI HEALTHCARE, INC.**

By:_____

                          Date:

_____

Title

**PERSONAL ADMINISTRATORS, INC.**

By:_____

                          Date:

_____

Title

**WALTER LOEWENBAUM**

_____

**PATTI O'MEARA**

_____

**Individual Plaintiff**

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_____

**LARISA ZLATIC**

_____

**MARY SCHELTZ**

_____

**LARRAINE HILLARD**

_____

**JOHN PERCY**

_____

**FRANK BAXTER**

_____

**SUSAN FORD**

_____

**JEFFREY DUNNING**

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_Trevor Babyak_____

**LARISA ZLATIC**

_____

**MARY SCHELTZ**

_____

**LARRAINE HILLARD**

_____

**JOHN PERCY**

_____

**FRANK BAXTER**

_____

**SUSAN FORD**

_____

**JEFFREY DUNNING**

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_____

**LARISA ZLATIC**

_Larisa Zlatic_

**MARY SCHELTZ**

_____

**LARRAINE HILLARD**

_____

**JOHN PERCY**

_____

**FRANK BAXTER**

_____

**SUSAN FORD**

_____

**JEFFREY DUNNING**

_____

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_____

**LARISA ZLATIC**

_____

**MARY SCHELTZ**

_____

**LARRAINE HILLARD**

_____

**JOHN PERCY**

_____

**FRANK BAXTER**

_____

**SUSAN FORD**

_____

**JEFFREY DUNNING**

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_____

**LARISA ZLATIC**

_____

**MARY SCHELTZ**

_____

LORAINE   ~~LARRAINE~~ **HILLARD**

_____Loraine Hillard_____

**JOHN PERCY**

_____

**FRANK BAXTER**

_____

**SUSAN FORD**

_____

**JEFFREY DUNNING**

_____

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_____

**LARISA ZLATIC**

_____

**MARY SCHELTZ**

_____

**LARRAINE HILLARD**

_____

**JOHN PERCY**

*Jonathan Percy / With Permission*
*J. Derek Braziel JDB*

**FRANK BAXTER**

_____

**SUSAN FORD**

_____

**JEFFREY DUNNING**

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_____

**LARISA ZLATIC**

_____

**MARY SCHELTZ**

_____

**LARRAINE HILLARD**

_____

**JOHN PERCY**

_____

**FRANK BAXTER**

_____

**SUSAN FORD**

_____

**JEFFREY DUNNING**

_____

_____

**ROLAND VELOZ**

_____

**CAROL KUTRYB**

_____

**RAPHAEL O'CAMPO**

_____

**TREVOR BABYAK**

_____

**LARISA ZLATIC**

_____

**MARY SCHELTZ**

_____

**LARRAINE HILLARD**

_____

**JOHN PERCY**

_____

**FRANK BAXTER**

_____

**SUSAN FORD**

With Permission
J. Derek Braziel /DB

**JEFFREY DUNNING**

_____

ROLAND VELOZ

_____

CAROL KUTRYB

_____

RAPHAEL O'CAMPO

_____

TREVOR BABYAK

_____

LARISA ZLATIC

_____

MARY SCHELTZ

_____

LARRAINE HILLARD

_____

JOHN PERCY

_____

FRANK BAXTER

_____

SUSAN FORD

_____

JEFFREY DUNNING

_____

**RELEASEES:**

STI HEALTHCARE, INC.

By _____

_____ Date: 3/3/04
Title

PERSONAL ADMINISTRATORS, INC.

By _____

_____ Date: 3/3/04
Title

WALTER LOEWENBAUM

_____

PATTI O'MEARA

_____

STATE OF TEXAS            §
                         §
COUNTY OF _____     §


Before me, the undersigned notary public, on this date personally appeared

_____Stephanie Goetz_____, known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this 24 day of  FEB. _____,

2004.


                                        _____
                                        Notary Public in and for the State of Texas

My Commission Expires:

_____9-21-06_____

DALLAS_1\3907716\3
8974-34 01/02/2004

STATE OF TEXAS §
 §
COUNTY OF _____ §

 Before me, the undersigned notary public, on this date personally appeared _____ *Kevin McGill* _____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she has executed the same for the purposes and consideration herein expressed.

 SUBSCRIBED AND SWORN TO BEFORE ME this *1st* day of *March*, 2004.



       Notary Public in and for the State of Texas

My Commission Expires:

*7-10-07*

DALLAS_1\390771б\3
8974-34 01/02/2004

CHAE R. MIEBS
MY COMMISSION EXPIRES
July 10, 2007

CHAE R. MIEBS
MY COMMISSION EXPIRES
July 10, 2007

**RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT**   **PAGE 9**

STATE OF TEXAS          §
                        §
COUNTY OF _Travis_      §

Before me, the undersigned notary public, on this date personally appeared

_Thomas S. Bizzell_____, known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this _27_ day of _February_____,

2004.

_Michael M. Sammons_____
Notary Public in and for the State of Texas

My Commission Expires:

_01-09-08_____

```
NOTARY PUBLIC
MICHAEL M. SAMMONS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 01-09-08
```

DALLAS_1\3907716\3
8974-34 01/02/2004

<u>RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT</u>          PAGE 9

STATE OF TEXAS       §

                       §

COUNTY OF _Travis_    §

      Before me, the undersigned notary public, on this date personally appeared _Carol Kutfip_ , known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she has executed the same for the purposes and consideration herein expressed.

      SUBSCRIBED AND SWORN TO BEFORE ME this _2_ day of _March_ , 2004.



                Notary Public in and for the State of Texas

My Commission Expires:

_8-22-2007_

JENNIFER RENEE FELLER
Notary Public
State of Texas
Comm. Expires 08-22-2007

DALLAS_1\39077163
8974-34 01/02/2004

**RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT**         **PAGE 7**

*California*

STATE OF ~~TEXAS~~                  §

COUNTY OF *Los Angeles*            §

Before me, the undersigned notary public, on this date personally appeared

*Raphael Ocampo*_____, known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this *20th* day of *February*,

2004.

_____

Notary Public in and for the State of ~~Texas~~ *California*

My Commission Expires:

*1/12/2006*_____

DALLAS_1\39077716\3
8974-34 01/02/2004

LANCE WILLIAMS
Commission # 1339352
Notary Public - California
Los Angeles County
My Comm. Expires Jan 12, 2006

STATE OF TEXAS                §
                              §
COUNTY OF _Travis_            §

   Before me, the undersigned notary public, on this date personally appeared

___Trevor Babyak_____, known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

   SUBSCRIBED AND SWORN TO BEFORE ME this _26_<sup>th</sup> day of _February_,

2004.



                    Notary Public in and for the State of Texas

My Commission Expires:

   _5-16-2006_

DALLAS_1\3907716\3
8974-34 01/02/2004

DRYDEN RANNEFELD MAY
NOTARY PUBLIC
State of Texas
Comm. Exp. 5-16-2006

STATE OF TEXAS            §
                         §
COUNTY OF _Travis_        §

Before me, the undersigned notary public, on this date personally appeared

_Lorisa Zlatic_ , known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this _26th_ day of _February_ ,

2004.

PEDRO LONGORIA III
NOTARY PUBLIC
State of Texas
Comm. Exp. 02-19-2006

_____
Notary Public in and for the State of Texas

My Commission Expires:

_2-19-06_

DALLAS_1\390771\6\3
8974-34 01/02/2004

**RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT**          **PAGE 9**

STATE OF TEXAS              §
                           §
COUNTY OF __TRAVIS__        §

 Before me, the undersigned notary public, on this date personally appeared

_____LORAINE HILLARD_____, known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

 SUBSCRIBED AND SWORN TO BEFORE ME this 26th day of __FEBRUARY__,

2004.


LANA L. PETTIT
Notary Public, State of Texas
My Commission Expires
MAY 12, 2006

_____
Notary Public in and for the State of Texas

My Commission Expires:

__5-12-06__

DALLAS_1\390771613
8974-34 01/02/2004

__RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT__    **PAGE 9**

STATE OF TEXAS          §
                        §
COUNTY OF *MONTGOMERY* §

Before me, the undersigned notary public, on this date personally appeared

*FRANK BAXTER*_____, known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this *26* day of *February*,

2004.

_____
Notary Public in and for the State of Texas
*FOREIGN NOTARY - STATE OF OHIO*

My Commission Expires:
_____*8/30/04*

DALLAS_1\3907716\3
8974-34 01/02/2004

**RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT**          **PAGE 9**

STATE OF TEXAS §
§
COUNTY OF Dallas §

Before me, the undersigned notary public, on this date personally appeared Jeffrey Dunning _____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she has executed the same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this 3rd day of March ,

2004.



MELISSA A. KARNES
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JUNE 30, 2005

Notary Public in and for the State of Texas

My Commission Expires:

June 30, 2005

DALLAS_1\3907716\3
8974-34 01/02/2004

STATE OF TEXAS    §
                         §
COUNTY OF Travis   §

Before me, the undersigned notary public, on this date personally appeared
_G. Walter Loewenbaum_, known to me to be the person whose
name is subscribed to the foregoing instrument, and acknowledged that she has executed the
same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this 3rd day of _March_,
2004.

_Christine R Wade_
Notary Public in and for the State of Texas

My Commission Expires:
_06.14.04_

DALLAS_1\3077165
8974-34 01/02/2004

STATE OF TEXAS          §
                        §
COUNTY OF Travis        §

Before me, the undersigned notary public, on this date personally appeared

_Patti O'Meara_____, known to me to be the person whose

name is subscribed to the foregoing instrument, and acknowledged that she has executed the

same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this 3rd day of _March_____,

2004.

_Christine Wade_____
Notary Public in and for the State of Texas

My Commission Expires:

_06·14·04_____

DALLAS_1\3907716\3
8974-34 01/02/2004

___

**RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT**          **PAGE 9**